IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BERNETHIA JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:05cv891-C |
| JO ANN B. BARNHART, Secretary, | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendants. | ) **DEMAND FOR JURY TRIAL** |

RECEIVED 2005 SEP 19 A 10: 28

## COMPLAINT

**COMES NOW** Bernethia Johnson, and for her complaint against Defendants and their agents and representatives (Defendants) hereby complains as set forth herein below.

## JURISDICTION

1. This Court has jurisdiction over the litigation herein pursuant to 28 U.S.C. § 1331 and 1343, 42 U.S.C. Section 2000e and Retaliation.

2. Plaintiff has fulfilled all conditions precedent to the institution of this action.

## VENUE

3. Defendants are located and/or doing business within this judicial district (Middle District and the Northern Division of Alabama). This action is brought within the judicial district wherein the unlawful

1

employment practices were committed, making venue proper under 42 U.S.C. Section 2000(e)-5(f) (3), 28 U.S.C. Section 1391(b) and Retaliation.

## PARTIES

4. Plaintiff Bernethia Johnson, hereinafter referred to as "Plaintiff," is an African-American female resident of the United States, residing in Montgomery County, Alabama. Plaintiff is a resident of this judicial district, and has been employed by Defendants at all times material hereto. Plaintiff is a member of the protected class for race within the meaning of Title VII. Plaintiff is also an employee of Defendants within the meaning of Title VII.

5. Defendant Jo Ann Barnhart, hereinafter referred to as "Secretary" is the secretary for the Social Security Administration.

6. Defendant, Social Security Administration, hereinafter referred to as "Agency/Management" is federal agency and is authorized to do business in the State of Alabama, and employs at least fifteen (15) persons and otherwise meets the jurisdictional prerequisites of Title VII.

## NATURE OF THE CASE

7. This is a lawsuit brought by Plaintiff seeking permanent relief from unlawful discriminating practices by Defendants. Plaintiff has been adversely affected by discrimination involving promotion,

compensation, assignments, retaliation and other terms and conditions of employment as a result of Defendants failing to remedy systemic employment discrimination on the basis of race. The practices committed and continuing to be committed by Defendants violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ("Title VII").

## FACTUAL BACKGROUND

8. Plaintiff first began working for Defendants on or about September 26, 1993, in the Hearings and Appeals (OHA) division in Montgomery, Alabama as a Hearing Office Clerk.

9. On or about August 28, 1997, the Agency posted vacancy announcement SSA-167-97.

10. On or about September 17 1997, five temporary vacancies in the position of Legal Assistant, GS 986-6/7/8 became available.

11. On or about September 11, 1997, Plaintiff applied for the positions. Plaintiff made the well qualified list for one of the five position advertised as a GS 6/7/8 Legal Assistant,

12. However, on or about October 25, 1997, five white females were selected.

13. On or about October 28, 1997, Plaintiff initiated her first EEO action against Agency for racial discrimination and non-selection.

14. On or about June 12, 1998, Plaintiff was appointed as union

steward.

15. Plaintiff believes that one of the reasons management further discriminated and retaliated against her was because she initiated an EEO action against the former OHA Montgomery management team. When management was challenged with regard to its hiring and promotional and hiring practices, Paul E. Reams was required to provide information and justification for the Agency's practices.

16. Another reason that Plaintiff believes that she was discriminated against and retaliated against is because when she held the union steward position, she upheld the national agreement between AFGE and Management and challenged management's practices.

17. On or about June 17, 2005, the EEO hearing was held on Plaintiff's charge.

18. On or about August 18, 1999, Plaintiff received a favorable decision. Plaintiff was awarded the position of Legal Assistant, GS-8 with a retroactive date of October 25, 1998.

19. On or about December 10, 1999, Paul E. Reams was named as the Hearing Office Director.

20. On or about December 10, 1999, Mr. Reams called Plaintiff a "bitch" while in a Conflict Resolution Training Session.

21. On or about June 29, 2000, Mr. Reams responded to a Civil Rights Equal Opportunity, CREO, questionnaire referencing Plaintiff being selected as a legal assistant. This questionnaire came as a result

4

of the missed opportunity which stemmed from the racial discrimination claim initiated on October 28, 1997.

22. Although Mr. Reams had not been in the Hearing Office Director position long enough to evaluate Plaintiff, he wrote, "a review of the work performed by Ms. Johnson since she has held the Legal Assistant position reveals that her performance has been deficient in both quantity and quality. Her production has consistently been the lowest in the Montgomery Office of Hearings and Appeals. Ms. Johnson's work product has contained significant errors concerning substantive issues such as application dates, the inclusion of Administrative Law Judges' internal office notes as exhibits, and misidentification of exhibits."

23. On or about November 17, 2000, management assigned Plaintiff two more closed ALJ drawers to purge than Ms. Simmons. Ms. Simmons is a white female. Ms. Simmons is similarly situated to Plaintiff.

24. On or about November 11, 2002, Plaintiff was ousted as union steward.

25. When Plaintiff was ousted as union steward, management imposed retaliatory actions against Plaintiff by issuing Plaintiff the larger cases that came into the office.

26. While Plaintiff purged closed ALJ drawers monthly, no emphasis from management were made for the selectee, Ms. Simmons to

purge her drawers. As a matter of fact, Plaintiff was initially assigned more closed ALJ drawers to purge than Ms. Linda Simmons. Management assigned Plaintiff 5 drawers to purge while Ms. Simmons was assigned three drawers to purge.

27. Plaintiff was not allowed to workup HIA/HIB cases. Management exclusively assigned these cases to Ms. Simmons.

28. Mr. Paul Johnson, former supervisor would issue smaller cases to Ms. Simmons to workup. Plaintiff was made to correct other people's errors, as well as her errors while management overlooked the same type of errors made by Ms. Simmons and advanced her erroneous cases to the next level.

29. Plaintiff was required to write many medical summaries while Ms. Simmons only wrote one. Plaintiff's work conformed to the national agreement while management required no conformances of Ms. Simmons work.

30. Management seemed not to mind Ms. Simmons missing steps in the hearing process, i.e., failure to proffer post work; whereas, Plaintiff took all steps in the hearing process.

31. On or about January 16, 2003, two Paralegal Specialist positions were announced - Vacancy Announcement -OHA 32-03

32. On or about January 29, 2003, management required medical summaries on remands and cessation cases with specific instruction. According to the instruction, Plaintiff performed many

summaries, while Ms. Simmons performed only one.

33. On or about April 21, 2003, Plaintiff's name was placed on the referral list.

34. On or about May 13, 2003, Ms. Simmons, was selected. Management did not fill the other position.

35. On or about May 14, 2003, Plaintiff initiated her second EEOC action for non-selection.

36. On or about June 5, 2005 an EEOC hearing was held. The Plaintiff subsequently received an unfavorable decision.

37. This discrimination and retaliation is a continuous pattern and practice by Defendants.

## COUNT ONE

## RACE DISCRIMINATION – TITLE VII

38. Plaintiff adopts, realleges and incorporates by reference paragraphs one through thirty-seven above, the same as if more fully set herein, and further alleges anew.

39. In taking the above described actions, Defendants intentionally discriminated against Plaintiff on the basis of her race when they failed to select her for the Paralegal Specialist position that was advertised under vacancy announcement number OHa-32-03 and awarded the position to a white female in violation of Title VII. White employees were not, and are not treated in a similar fashion.

40. As a proximate consequence of the violations of Title VII based on race by Defendants, Plaintiff has suffered and will continue to suffer damage to her professional life and current and future career opportunities. Further, Plaintiff has suffered future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life and non-pecuniary damages.

## COUNT TWO

## RETALIATION

41. Plaintiff adopts, realleges and incorporates by reference paragraphs one through forty above, the same as if more fully set herein, and further alleges anew.

42. In taking the above described actions, Defendants retaliated against Plaintiff, because Plaintiff filed two EEO complaints against Defendants.

43. As a direct result of the ongoing retaliation against Plaintiff, Plaintiff's constitutional rights have been abridged.

44. As a proximate cause of the Defendants' actions, Plaintiff has been injured and damaged, as set forth in paragraphs above. Plaintiff suffered loss of time toward her tenure, wages, loss of health insurance, embarrassment, benefits and considerable mental and emotional anguish.

### Damages

45. As a direct and proximate result of violations of Federal Statutes of the United States Constitution, Plaintiff suffered the following injuries and damages:

   a. Psychological pain and suffering, mental anguish and emotional distress in the past and future;

   b. Loss of society.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court grant the following:

(a) Assume jurisdiction over this action;

(b) A judgment declaring that Defendants violated 28 U.S.C. Sec. 1331, 42 U.S.C. Sec. 2000(e), et seq. and Retaliation;

(d) All backpay and fringe benefits as a result of the discrimination and retaliation, with interest;

(e) Attorney's fees;

(f) Costs;

(g) Prejudgment interest;

(h) An award of such compensatory damages for any loss of wages, and loss of benefits, including, but not limited to, retirement pension benefits, mental anguish, emotional distress, and embarrassment, both past, present and future to which Plaintiff may be entitled; and such further, other and different legal or

        equitable relief as the Court may deem appropriate or which she may be entitled, and

(i)    Punitive damages.

## Jury Demand

Plaintiff demands trial by jury on each and every cause of action.

Respectfully submitted,

_____
Juraldine Battle-Hodge (BAT033)

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.

_____
OF COUNSEL

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL RETURN RECEIPT REQUESTED**