IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BERNETHIA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: **2:05-cv-891-CSC** |
| | ) |
| JO ANNE B. BARNHART, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY; | ) |
| SOCIAL SECURITY | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT**

**COME NOW** Defendants, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and submit this Memorandum in Support of Defendants' Motion To Dismiss, Or In The Alternative, Summary Judgment. As set forth below, Defendants move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) and/or Rule 56 of the Federal Rules of Civil Procedure for failure to state claims upon which relief may be granted.

**STATEMENT OF THE CASE**

Plaintiff Bernethia Johnson, an employee of the United States Social Security Administration ("SSA"), brings this lawsuit for alleged employment discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Pl. Comp. at ¶¶ 4, 7). She names as defendants both Jo Anne B.

Barnhart, in her official capacity as Secretary of the United States Social Security Administration, and the Social Security Administration itself. (Pl. Comp. at ¶¶ 5-6).

Prior to filing this lawsuit, Plaintiff began, but did not exhaust, the administrative process that is a condition precedent to the filing of a Title VII lawsuit in federal court. Specifically, Plaintiff began the administrative process by filing a formal complaint of discrimination and retaliation with the SSA, and on June 17, 2005, the SSA issued its final agency decision on her complaint adopting an administrative law judge's finding of no discrimination or retaliation. (Declaration of Rafael Torres, at ¶ 4, Ex. A.)[1] On July 15, 2005, Plaintiff continued the administrative process by filing an appeal of the final agency decision to the Equal Employment Opportunity Commission, Officer of Federal Operations ("EEOC)." (Dec. of Rafael Torres, at ¶ 5, Ex. B.) To date, the EEOC has not issued a ruling on Plaintiff's appeal, and it remains pending. (Dec. of Rafael Torres, at ¶ 2.)

The administrative regulations that are applicable to federal-sector employees clearly provide that an employee who files an appeal with the EEOC can only file a lawsuit in federal court "[a]fter 180 days from the date of filing an appeal with the [EEOC] if there has been no final decision by the EEOC." See 29 C.F.R. § 1614.407(d). Notwithstanding this explicit regulation, Plaintiff filed the present lawsuit on September 10, 2005, only <u>56</u> days after filing her appeal and <u>before</u> the

---

[1]A copy of Rafael Torre's declaration is attached to this Memorandum.

EEOC issued any final decision. Plaintiff cannot proceed simultaneously in two forums, and by prematurely rushing to court she has failed as a matter of law to exhaust her administrative remedies. Furthermore, Plaintiff's claims against Defendant SSA fail as a matter of law because it cannot be sued under Title VII.

## ARGUMENT AND CITATION OF AUTHORITY

This Court should dismiss Plaintiff's Complaint because she fails to state any claims upon which relief may be granted. See Thompson v. West, 883 F. Supp. 1502, 1507-1508 (M.D. Ala. 1995). A court should dismiss a complaint for failure to state a claim when, assuming the factual allegations are true in the Complaint and attached documents are true, the plaintiff can prove no set of facts in support of her claim entitling her to relief.[2] See Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1262 (11th Cir. 2004). Applying this standard, Plaintiff's claims are barred as matter of law because she failed to fully exhaust her mandatory administrative remedies before filing this lawsuit. Moreover, Plaintiff's attempt to name the SSA as a defendant in a Title VII action is barred by plain statutory text.

---

[2]If a Rule 12(b)(6) motion to dismiss is converted to a motion for summary judgment, a similar standard of review applies. Specifically, once a party moving for summary judgment demonstrates a lack of any genuine issues of material fact, the non-moving party has the burden of coming forward with specific facts in support of its case and cannot merely rest on the pleadings. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). If the admissible record "taken as a whole" could not lead a reasonable juror to find for the non-moving party, then there is no "genuine issue for trial," and summary judgment should be entered. Id.

I.      **Plaintiff Failed to Exhaust Her Mandatory Administrative Remedies.**

As an initial matter, Plaintiff's claims should be dismissed because she prematurely filed this lawsuit in federal court without exhausting the mandatory administrative review process applicable to her claims. See Tolbert v. United States, 916 F.2d 245, 249 (5th Cir. 1990); Matthews v. Brownlee, 347 F. Supp. 2d 1163, 1166 (M.D. Ala. 2004); Thompson, 883 F. Supp. at 1508. Before a federal employee may file a lawsuit alleging discrimination under Title VII, she must exhaust her mandatory administrative remedies. See Grier v. Secretary of the Army, 799 F.2d 721, 724 (11th Cir. 1986); Hoffman v. Boeing, 596 F.2d 683, 685 & n.1 (5th Cir. 1979); Bullock v. Widnall, 953 F. Supp. 2d 1461, 1470 (M.D. Ala. 1996). These administrative exhaustion requirements are not mere technicalities but are "integral parts of Congress' scheme of achieving a 'careful blend of administrative and judicial enforcement powers.'" See Thompson, 883 F. Supp. at 1507. Since they are a condition to the waiver of Sovereign Immunity in Title VII lawsuits, their requirements must be narrowly construed and subject to strict compliance. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990).

To comply with these exhaustion requirements, a federal employee must initially submit her complaint of discrimination to the agency against which the accusations are being lodged. See 29 C.F.R. §§ 1614.105 & 1614.106. Once the relevant agency issues a final agency decision denying an employee's complaint, the employee must elect to pursue one of two courses of action: (1) she may file an

appeal with the EEOC Office of Federal Operations within 30 days; or (2) she may file a lawsuit in federal court within 90 days. See Matthews, 347 F. Supp. 2d at 1166. See also 29 C.F.R. § 1614.407. If a plaintiff chooses to continue the administrative process by appealing to the EEOC, then she "must await a decision by that office, or 180 days, whichever comes first, before filing in the federal court." See Tolbert, 916 F.2d at 249. The regulations in this regard are clear and unambiguous. See 29 C.F.R. § 1614.407. See, e.g., Tolbert, 916 F.2d at 249; Matthews, 347 F. Supp. 2d at 1166; Batiste v. Henderson, 2000 U.S. Dist. LEXIS 3364, at *8-11 (E.D. La. March 9, 2000) (copy attached); Thompson, 883 F. Supp. at 1508; Elsberry v. Rice, 820 F. Supp. 824, 829-830 (D. Del. 1993).

In short, "a complainant who chooses to pursue EEOC review of an initial agency determination must exhaust that avenue of relief before bringing a civil action" in federal court. See Tolbert, 916 F.2d at 248 (citation and quotation omitted). A court should dismiss any lawsuit that is filed during the 180-day period after the filing of an appeal to the EEOC for failure to exhaust administrative remedies. See id. at 249. See also Batiste, 2000 U.S. Dist. LEXIS 3364, at *8-11 (dismissing lawsuit filed within 180 days of appeal to EEOC for failure to exhaust).

In Matthews, for example, a court in this District dealt with the identical situation presented by this case. After the Army issued a final agency decision finding no discrimination, the plaintiff appealed to the EEOC and then filed a lawsuit sixty days later while the appeal was still pending. See Matthews, 347 F. Supp. 2d at

1164-1166. The Army moved to dismiss for failure to exhaust because the plaintiff had filed the lawsuit before the 180-day time period set forth in 29 C.F.R. § 1407(d) had expired. See id. The district court granted the motion and noted that:

> As a matter of law, when a plaintiff has a choice of fora in which to appeal a final agency decision (i.e. either the courts or an administrative agency such as the EEOC), and the plaintiff chooses the administrative review process, the plaintiff is required to exhaust the administrative review process.

See id. at 1166-1167 (Citations and quotations omitted). The court also emphasized that "[i]mpatience with the agency does not justify immediate resort to the courts." See id. at 1167 (Citations and quotations omitted) (emphasis added).

Importantly, if courts allowed plaintiffs to file lawsuits immediately after filing an EEOC appeal, then courts would be removing the 180-day requirement from 29 C.F.R. § 1407(d) and allowing plaintiffs to circumvent the administrative exhaustion requirements. See Thompson, 883 F. Supp. at 1508-1509. This result would be contrary to the congressional intent expressed in the administrative exhaustion requirements, would undermine the entire administrative process, and would "unnecessarily burden courts with cases that otherwise might be terminated successfully by mediation and conciliation." See Tolbert, 916 F.2d at 215-216.

Like the plaintiffs in Tolbert, Matthews, Elsberry, and Batiste, Plaintiff in this case filed an appeal with the EEOC challenging an agency final decision and then prematurely commenced a lawsuit before 180 days had passed from the date of the appeal. (Dec. of Rafael Torres, at ¶¶ 2, 5-6, Exs. A & B.) Accordingly, pursuant to

- 6 -

the above-cited legal authority, this Court should dismiss Plaintiff's claims because she did not exhaust her mandatory administrative remedies.  See Tolbert, 916 F.2d at 249; Matthews, 347 F. Supp. 2d at 1166; Batiste, 2000 U.S. Dist. LEXIS 3364, at *8-11; Thompson, 883 F. Supp. at 1508; Elsberry, 820 F. Supp. at 829-830.

II.     **Defendant SSA Cannot Be Sued Under Title VII.**

Furthermore, Plaintiff cannot, as a matter of law, assert Title VII claims against Defendant SSA.  See Canino v. United States EEOC, 707 F.2d 468, 469 (11th Cir. 1983).  Pursuant to Title VII, an employee with a federal agency who has exhausted her administrative remedies may file a lawsuit in court against "the head of the department, agency, or unit."  See 42 U.S.C. § 2000e-16(c).  Following the plain text of this provision, the Eleventh Circuit has held that the "head of the [federal] agency involved is the only appropriate defendant in a Title VII action" brought by a federal employee.  See Canino, 707 F.2d at 472  (emphasis added).  A federal employee, therefore, may not sue a federal agency under Title VII.  See, e.g., Farrell v. U.S. Dep't of Justice, 910 F. Supp. 615, 618 (M.D. Fla. 1995) (dismissing Title VII claims against federal agency).  Accordingly, this Court should dismiss Plaintiff's claims against Defendant SSA for failure to state a claim upon which relief may be granted.  See Canino, 707 F.2d at 472; Farrell, 910 F. Supp. at 618.

## CONCLUSION

By prematurely filing this lawsuit, Plaintiff failed to exhaust her mandatory administrative remedies that are applicable to Title VII claims. Furthermore, Plaintiff cannot assert a Title VII claim against a federal agency. Accordingly, this Court should grant this Motion and dismiss Plaintiff's Title VII claims.

Respectfully submitted this 8th day of December, 2005.

                        LEURA G. CANARY
                        United States Attorney


By:  s/James J. DuBois
       JAMES J. DUBOIS
       Assistant United States Attorney
       Georgia Bar No. 231445
       United States Attorney's Office
       Post Office Box 197
       Montgomery, AL 36101-0197
       Telephone: (334) 223-7280
       Facsimile: (334) 223-7418
       E-mail: james.dubois2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of December, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Plaintiff's attorney, Juraldine Battle-Hodge, Esquire.

                      s/James J. DuBois
                      Assistant United States Attorney