# COPY OF UNPUBLISHED OPINION

Case 2:05-cv-00891-WHA-CSC    Document 9-3    Filed 12/08/2005    Page 2 of 10

Get a Document - by Citation - 2000 U.S. Dist. LEXIS 3364                                              Page 1 of 7

*2000 U.S. Dist. LEXIS 3364, **

JOHN P. BATISTE, JR. VERSUS WILLIAM HENDERSON, POSTMASTER GENERAL

CIVIL ACTION NO. 99-0939 SECTION "L" (2)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

2000 U.S. Dist. LEXIS 3364

March 9, 2000, Decided
March 9, 2000, Filed, Entered

**DISPOSITION:** [*1] Henderson's motion for summary judgment GRANTED and plaintiff's complaint DISMISSED WITH PREJUDICE.

**CASE SUMMARY:**
**PROCEDURAL POSTURE:** In plaintiff's action against defendant alleging that he was discriminated against on the basis of race and sex in his employment and that his job assignment violated the Americans with Disabilities Act, 42 U.S.C.S. § 12111(5)(B), defendant filed a motion to dismiss, or alternatively, for summary judgment.

**OVERVIEW:** Plaintiff asserted facts in his complaint and opposition memorandum that raised the possibility of equitable tolling of the 45-day period for filing an Equal Employment Opportunity Commission (EEOC) charge based upon the conduct of his employer and the Equal Employment Opportunity counselor. Defendant's evidence did not negate that possibility. Accordingly, defendant was not entitled to summary judgment on the basis that plaintiff's EEOC charge was untimely. The court held that Title VII's exhaustion requirement required plaintiff to file his lawsuit in the time allotted, and neither before nor after, once an appeal had been taken to the EEOC. Plaintiff's claims were barred by his failure to exhaust administrative remedies. Because the defect of premature could not be cured by any subsequent action of the EEOC or by the passage of the 180-day period, defendant was entitled to summary judgment and plaintiff's lawsuit was dismissed with prejudice.

**OUTCOME:** Defendant's motion for summary judgment granted; plaintiff filed his lawsuit before the Equal Employment Opportunity Commission issued a final decision or 180 days had passed and thus plaintiff failed to exhaust his administrative remedies, plaintiff's lawsuit was premature, and plaintiff's complaint was dismissed with prejudice.

**CORE TERMS:** lawsuit, summary judgment, Rehabilitation Act, administrative remedies, nonmoving party, final decision, premature, failure to exhaust, equitable tolling, moving party, nonmoving, entitled to summary judgment, exhaustion requirement, administrative process, cause of action, genuine issue, et seq, authenticity, exhausted, nonmovant, negate, waited, cured, final action, pro se, memorandum, counselor, sex

**LexisNexis(R) Headnotes**

Constitutional Law > Civil Rights Enforcement > Americans With Disabilities Act > Coverage
**HN1** A plaintiff cannot assert a cause of action against the federal government under the Americans with Disabilities Act (ADA). Under 42 U.S.C.S. § 12111(5)(B), the term "employer" for ADA purposes does not include the United States.

Civil Procedure > Summary Judgment > Burdens of Production & Proof

Civil Procedure > Summary Judgment > Summary Judgment Standard
HN2± Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but it is not required to negate elements of the nonmoving party's case.

Civil Procedure > Summary Judgment > Burdens of Production & Proof
Civil Procedure > Summary Judgment > Summary Judgment Standard
HN3± In summary judgment motions, when a moving party alleges that there is an absence of evidence necessary to prove a specific element of a case, the nonmoving party bears the burden of presenting evidence that provides a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

Civil Procedure > Summary Judgment > Summary Judgment Standard
HN4± In summary judgment, a fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law.

Civil Procedure > Summary Judgment > Burdens of Production & Proof
Civil Procedure > Summary Judgment > Summary Judgment Standard
HN5± To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of its claim. A complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial.

Civil Procedure > Summary Judgment > Burdens of Production & Proof
Civil Procedure > Summary Judgment > Summary Judgment Standard
HN6± In summary judgment motion, factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists. The appellate courts do not, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. The nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1964
Administrative Law > Judicial Review > Reviewability > Exhaustion of Remedies
HN7± A plaintiff's premature filing constitutes a failure to exhaust his administrative remedies under Title VII, 42 U.S.C.S. § 2000e-16(c).

Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1964
HN8± See 42 U.S.C.S. § 2000e-16(c).

Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1964
Administrative Law > Judicial Review > Reviewability > Exhaustion of Remedies
HN9± The Fifth Circuit has held that, once a federal employee has appealed to the Equal Employment Opportunity Commission from an agency's denial of a Title VII, 42 U.S.C.S. § 2000e et seq., discrimination claim, the employee may not abandon the administrative process by filing a lawsuit before the 180-day waiting period has expired.

Get a Document - by Citation - 2000 U.S. Dist. LEXIS 3364    Page 1 of 7

Case 2:05-cv-00891-WHA-CSC    Document 9-3    Filed 12/08/2005    Page 4 of 10

*2000 U.S. Dist. LEXIS 3364, \**

JOHN P. BATISTE, JR. VERSUS WILLIAM HENDERSON, POSTMASTER GENERAL

CIVIL ACTION NO. 99-0939 SECTION "L" (2)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

2000 U.S. Dist. LEXIS 3364

March 9, 2000, Decided
March 9, 2000, Filed, Entered

**DISPOSITION:** **[\*1]** Henderson's motion for summary judgment GRANTED and plaintiff's complaint DISMISSED WITH PREJUDICE.

**CASE SUMMARY:**
**PROCEDURAL POSTURE:** In plaintiff's action against defendant alleging that he was discriminated against on the basis of race and sex in his employment and that his job assignment violated the Americans with Disabilities Act, 42 U.S.C.S. § 12111(5)(B), defendant filed a motion to dismiss, or alternatively, for summary judgment.

**OVERVIEW:** Plaintiff asserted facts in his complaint and opposition memorandum that raised the possibility of equitable tolling of the 45-day period for filing an Equal Employment Opportunity Commission (EEOC) charge based upon the conduct of his employer and the Equal Employment Opportunity counselor. Defendant's evidence did not negate that possibility. Accordingly, defendant was not entitled to summary judgment on the basis that plaintiff's EEOC charge was untimely. The court held that Title VII's exhaustion requirement required plaintiff to file his lawsuit in the time allotted, and neither before nor after, once an appeal had been taken to the EEOC. Plaintiff's claims were barred by his failure to exhaust administrative remedies. Because the defect of premature could not be cured by any subsequent action of the EEOC or by the passage of the 180-day period, defendant was entitled to summary judgment and plaintiff's lawsuit was dismissed with prejudice.

**OUTCOME:** Defendant's motion for summary judgment granted; plaintiff filed his lawsuit before the Equal Employment Opportunity Commission issued a final decision or 180 days had passed and thus plaintiff failed to exhaust his administrative remedies, plaintiff's lawsuit was premature, and plaintiff's complaint was dismissed with prejudice.

**CORE TERMS:** lawsuit, summary judgment, Rehabilitation Act, administrative remedies, nonmoving party, final decision, premature, failure to exhaust, equitable tolling, moving party, nonmoving, entitled to summary judgment, exhaustion requirement, administrative process, cause of action, genuine issue, et seq, authenticity, exhausted, nonmovant, negate, waited, cured, final action, pro se, memorandum, counselor, sex

### LexisNexis(R) Headnotes

Constitutional Law > Civil Rights Enforcement > Americans With Disabilities Act > Coverage
*HN1* A plaintiff cannot assert a cause of action against the federal government under the Americans with Disabilities Act (ADA). Under 42 U.S.C.S. § 12111(5)(B), the term "employer" for ADA purposes does not include the United States.

Civil Procedure > Summary Judgment > Burdens of Production & Proof

Civil Procedure > Summary Judgment > Summary Judgment Standard
**HN2** Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but it is not required to negate elements of the nonmoving party's case.

Civil Procedure > Summary Judgment > Burdens of Production & Proof
Civil Procedure > Summary Judgment > Summary Judgment Standard
**HN3** In summary judgment motions, when a moving party alleges that there is an absence of evidence necessary to prove a specific element of a case, the nonmoving party bears the burden of presenting evidence that provides a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

Civil Procedure > Summary Judgment > Summary Judgment Standard
**HN4** In summary judgment, a fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law.

Civil Procedure > Summary Judgment > Burdens of Production & Proof
Civil Procedure > Summary Judgment > Summary Judgment Standard
**HN5** To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of its claim. A complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial.

Civil Procedure > Summary Judgment > Burdens of Production & Proof
Civil Procedure > Summary Judgment > Summary Judgment Standard
**HN6** In summary judgment motion, factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists. The appellate courts do not, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. The nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1964
Administrative Law > Judicial Review > Reviewability > Exhaustion of Remedies
**HN7** A plaintiff's premature filing constitutes a failure to exhaust his administrative remedies under Title VII, 42 U.S.C.S. § 2000e-16(c).

Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1964
**HN8** See 42 U.S.C.S. § 2000e-16(c).

Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1964
Administrative Law > Judicial Review > Reviewability > Exhaustion of Remedies
**HN9** The Fifth Circuit has held that, once a federal employee has appealed to the Equal Employment Opportunity Commission from an agency's denial of a Title VII, 42 U.S.C.S. § 2000e et seq., discrimination claim, the employee may not abandon the administrative process by filing a lawsuit before the 180-day waiting period has expired.

Get a Document - by Citation - 2000 U.S. Dist. LEXIS 3364    Page 3 of 7

Case 2:05-cv-00891-WHA-CSC    Document 9-3    Filed 12/08/2005    Page 6 of 10

Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1964
Administrative Law > Judicial Review > Reviewability > Exhaustion of Remedies
HN10 Title VII's, 42 U.S.C.S. § 2000e et seq., exhaustion requirement to require plaintiffs to file their lawsuits in the time allotted, and neither before nor after, once an appeal had been taken to the Equal Employment Opportunity Commission.

**COUNSEL:** JOHN P BATISTE, JR, plaintiff, Pro se, New Orleans, LA.

For WILLIAMS HENDERSON, defendant: Glenn Kenneth Schreiber, U. S. Attorney's Office, New Orleans, LA.

**JUDGES:** JOSEPH C. WILKINSON, JR., UNITED STATES MAGISTRATE JUDGE.

**OPINIONBY:** JOSEPH C. WILKINSON, JR.

**OPINION:** ORDER AND REASONS

Plaintiff, John P. Batiste, Jr., filed this action pro se against William J. Henderson, the Postmaster General of the United States Postal Service. Batiste alleges that he was "discriminated [against] on the basis of race (Negroid) and sex (male)" in his employment and that his job assignment violated the Americans with Disabilities Act ("ADA"). Complaint, Record Doc. No. 1.

Defendant filed a motion to dismiss, or alternatively, for summary judgment. Record Doc. No. 20. Batiste filed two timely opposition memoranda. Record Doc. Nos. 23, 24. This matter was referred to the undersigned Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties. Record Doc. No. 28.

Having considered the complaint, the record, [*2] the submissions of the parties and the applicable law, and for the following reasons, IT IS ORDERED that Henderson's motion for summary judgment is GRANTED.

ANALYSIS

A. The Arguments of the Parties

Henderson argues that plaintiff's complaint must be dismissed for two reasons: (1) Batiste failed to make a timely complaint to the Equal Employment Opportunity Commission ("EEOC"), which bars his lawsuit under both Title VII, 42 U.S.C. § 2000e et seq., and the Rehabilitation Act, 29 U.S.C. § 791 et seq.; n1 and (2) the lawsuit is premature because it was filed before plaintiff had received a final decision from the EEOC or waited the requisite 180 days for the EEOC to fail to act. 29 C.F.R. § 1614.1-5(a)(1).

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Henderson correctly contends that HN1 plaintiff cannot assert a cause of action against the federal government under the ADA. See 42 U.S.C. § 12111(5)(B) ("The term 'employer' [for ADA purposes] does not include . . . the United States . . . ."). Batiste's sole remedy for disability discrimination against his federal employer arises under the Rehabilitation Act. 29 U.S.C. §§ 791, 794; Prewitt v. United States Postal Serv., 662 F.2d 292, 304 (5th Cir. 1981). Construing plaintiff's pro se complaint liberally, he has stated a cause of action under the Rehabilitation Act. The Rehabilitation Act incorporates the remedies

and procedures of Title VII, including the requirement that administrative remedies be exhausted. Spence v. Straw, 54 F.3d 196, 200-01 (3d Cir. 1995); Prewitt, 662 F.2d at 304; Poynter v. United States, 55 F. Supp. 2d 558, 563 (W.D. La. 1999).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*3]

Batiste responds with internally inconsistent and contradictory assertions. He asserts in conclusory fashion in one of his opposition memoranda that he has exhausted his administrative remedies. Record Doc. No. 23. In his other opposition memorandum, Batiste states that the EEO counselor "did everything in her power to discourage me from proceeding with this EEO complaint and direct me and find some name's of individual that had been treated difference from me and when I did, the case was dismissed based on the 45 days rule." n2 Record Doc. No. 24. Further, he stated in his complaint that he followed the grievance procedure through his union and his employer and that he was unaware that he was required to file a charge with the EEOC as well. Complaint, Record Doc. No. 1.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 Although plaintiff has not submitted his averments in affidavit form, they are contained within pleadings that he signed personally pursuant to Fed. R. Civ. P. 11, and the Court has considered his statements as competent summary judgment evidence.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*4]

B. Standard of Review

Because defendant has moved alternatively for summary judgment and has supported his motion with exhibits, n3 the Court reviews the motion under the standards for summary judgment.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 Although the government's exhibits are neither sworn nor certified as required by Fed. R. Civ. P. 56(e), plaintiff does not dispute their authenticity, and the Court has considered them as competent summary judgment evidence.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

HN2 Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but it is not required to negate elements of the nonmoving party's case. Edwards v. Your Credit, Inc., 148 F.3d 427, 431 (5th Cir. 1998) [*5] (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)).

HN3

Get a Document - by Citation - 2000 U.S. Dist. LEXIS 3364 Page 5 of 7

Case 2:05-cv-00891-WHA-CSC   Document 9-3   Filed 12/08/2005   Page 8 of 10

> When a moving party alleges that there is an absence of evidence necessary to prove a specific element of a case, the nonmoving party bears the burden of presenting evidence that provides a genuine issue for trial. "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."

Thomas v. Barton Lodge II, Ltd., 174 F.3d 636, 644 (5th Cir. 1999) (citing Celotex Corp., 477 U.S. at 322-23; quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)). HN4 A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law. Anderson, 477 U.S. at 248.

HN5 To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of its claim. [*6] National Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994) (citing Celotex Corp., 477 U.S. at 321-23). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." Celotex Corp., 477 U.S. at 323.

"HN6 Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." Edwards, 148 F.3d at 432; accord Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Id. (emphasis in original). "Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Id. (quotation omitted) (emphasis in original).

C. Plaintiff's Failure to Exhaust Administrative Remedies Bars [*7] His Lawsuit

Henderson argues first that the complaint should be dismissed because Batiste failed to file a charge with the EEOC within 45 days from the dates of the discriminatory acts. 29 C.F.R. § 1614.1-5(a)(1). Plaintiff does not dispute that his initial contact with the EEOC was more than 45 days after any of the alleged acts of discrimination.

However, Batiste has asserted facts in his complaint and opposition memorandum that raise the possibility of equitable tolling of the 45-day period for filing an EEOC charge based upon the conduct of his employer and/or the EEO counselor. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95-96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990) (equitable tolling applies to suits against the United States under Title VII); Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151, 80 L. Ed. 2d 196, 104 S. Ct. 1723 (1984) (equitable tolling excuses late filing in Title VII case when, for example, claimant received inadequate notice of his right to sue or when defendant's "affirmative misconduct" lulled plaintiff into inaction). Defendant's evidence does not negate that possibility. Accordingly, Henderson is not entitled to summary judgment [*8] on the basis that plaintiff's EEOC charge was untimely.

Defendant's second argument, however, has merit. Batiste appealed to the EEOC from the Postal Service's final decision on March 24, 1999. Defendant's Attachments 13, 14. Plaintiff does not contest the authenticity of these documents in his opposition. He filed the instant lawsuit on March 31, 1999. Henderson argues that the lawsuit is premature because plaintiff

Get a Document - by Citation - 2000 U.S. Dist. LEXIS 3364                                   Page 6 of 7

Case 2:05-cv-00891-WHA-CSC   Document 9-3   Filed 12/08/2005   Page 9 of 10

should have waited either for the EEOC's final decision on his appeal or for 180 days to pass without any action by the EEOC before he filed his lawsuit, and that <sup>HN7</sup>plaintiff's premature filing constitutes a failure to exhaust his administrative remedies. 42 U.S.C. § 2000e-16(c). n4

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n4 <sup>HN8</sup>Section 2000e-16(c) provides in pertinent part:

> Within 90 days of receipt of notice of final action taken . . . by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, . . . or after one hundred and eighty days from the filing of the initial charge . . . with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title . . . .

Id. (emphasis added).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - -

[*9] <sup>HN9</sup>

The Fifth Circuit has held that, once a federal employee has appealed to the EEOC from an agency's denial of a Title VII discrimination claim, the employee may not abandon the administrative process by filing a lawsuit before the 180-day waiting period has expired. Tolbert v. United States, 916 F.2d 245, 248 (5th Cir. 1990). Further, various federal courts have held that a plaintiff's failure to exhaust administrative remedies in this situation cannot be cured by subsequent events, such as the EEOC's issuance of its final decision, the expiration of the 180-day period or plaintiff's withdrawal of his appeal to the EEOC, while the district court lawsuit is pending. Id. at 249; Askew v. Stone, 81 F.3d 160, 1996 WL 135024, at *3 (6th Cir. 1996) (unpubl. opin.); Rivera v. United States Postal Serv., 830 F.2d 1037, 1039 (9th Cir. 1987), abrogated on other grounds by Bak v. Postal Serv., 52 F.3d 241, 243 (9th Cir. 1995); Hill v. Runyon, 12 F. Supp. 2d 30, 33 (D.D.C. 1998); Thompson v. West, 883 F. Supp. 1502, 1508 (M.D. Ala. 1995); Hahn v. Bentsen, 1996 U.S. Dist. LEXIS 9714, No. 93-3820, 1996 WL 383129, [*10] at *5 (E.D. La. July 3, 1996), aff'd, 106 F.3d 398 (5th Cir. 1997); Erickson v. West, 876 F. Supp. 239, 242 (D. Haw. 1995); see also McAdams v. Reno, 64 F.3d 1137, 1142 (8th Cir. 1995) (applying same rule to similar regulatory time limit governing suits after appeals to Merit Systems Protection Board); Sanborn v. David A. Dean & Assocs., 1998 U.S. Dist. LEXIS 15487, No. 98- CV-2239-D, 1998 WL 690608, at *1 (N.D. Tex. Sept. 29, 1998) (same rule as to non-government employer).

The Fifth Circuit in Tolbert strictly construed <sup>HN10</sup>Title VII's exhaustion requirement to require plaintiffs to "file [their lawsuits] in the time allotted, and neither before nor after," once an appeal had been taken to the EEOC. Tolbert, 916 F.2d at 249. The Court explained that such strict construction was necessary to serve the purposes of the exhaustion requirement and to prevent plaintiffs from circumventing the administrative process by filing lawsuits prematurely. Id. The same rulings apply to Rehabilitation Act claims, which must

Get a Document - by Citation - 2000 U.S. Dist. LEXIS 3364

Case 2:05-cv-00891-WHA-CSC    Document 9-3    Filed 12/08/2005    Page 10 of 10    Page 7 of 7

comply with Title VII's exhaustion requirements.

CONCLUSION

For the foregoing reasons, Batiste's claims are **[*11]** barred by his failure to exhaust administrative remedies. Because the defect of premature filing in this Court cannot be cured by any subsequent action of the EEOC or by the passage of the 180-day period, defendant is entitled to summary judgment and plaintiff's lawsuit must be dismissed with prejudice. Kratville v. Runyon, 90 F.3d 195, 198 (7th Cir. 1996); Hill, 12 F. Supp. 2d at 33.

Accordingly, IT IS ORDERED that Henderson's motion for summary judgment is GRANTED and plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 9th day of March, 2000.

JOSEPH C. WILKINSON, JR.

UNITED STATES MAGISTRATE JUDGE

Service: **Get by LEXSEE®**
Citation: **2000 U.S. dist. lexis 3364**
View: Full
Date/Time: Wednesday, December 7, 2005 - 5:02 PM EST

* Signal Legend:
- Warning: Negative treatment is indicated
- Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

https://www.lexis.com/research/retrieve?_m=195b8f7a2a74bf70162158e1666da82e&_bro...    12/7/2005