IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BERNETHIA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:05cv891-CSC |
| | ) |
| JO ANN B. BARNHART, | ) |
| Secretary, | ) |
| | ) |
| SOCIAL SECURITY | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendants. | ) |

PLAINTIFF'S MEMORANDUM BRIEF IN OPPOSITION
OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ATTTORNEY FOR PLAINTIFF

JURALDINE BATTLE-HODGE

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**COMES NOW** Bernethia Johnson in the above styled cause and moves this Honorable Court to deny Defendants' Motion for Summary Judgment. As grounds therefore, the Plaintiff states as set forth herein below.

**WHEREFORE, THE PREMISIES CONSIDERED,** Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion for Summary Judgment, and allow this cause to be stayed until January 11, 2006.

## I. SUMMARY OF THE CASE

### Nature of the Case

This action was filed by Bernethia Johnson against Jo Anne B. Barnhart, Commissioner of Social Security, and the Social Security Administration

### Course of Proceedings

This case was filed in the United States District Court for the Middle District of Alabama, Northern Division on September 19, 2005 (See Complaint – Exhibit "A"). Defendants filed their Motion to Dismiss or, in the alternative, Summary Judgment on December 8, 2005 (See Memorandum – Exhibit "B").

## II. PLAINTIFF'S SUMMARY OF FACTS

Plaintiff first began working for Defendants on or about September 26, 1993. On or about July 16, 2003, two paralegal Specialists positions were announced. On or about May 13, 2003, Plaintiff's name was placed on the referral list. On or about May 13, 2003, Ms. Simmons, white female, was selected for one of the positions. Plaintiff contends that she was denied this

promotion based on her race. The other position was not filled. On or about May 14, 2003, Plaintiff initiated a second EEOC complaint for failure to promote. Plaintiff subsequently received an unfavorable decision. Plaintiff appealed the EEOC decision on or about July 15, 2005. Plaintiff filed her complaint in Federal Court on or about September 19, 2005.

### III. ARGUMENTS AND AUTHORITIES

#### A. Standard of Review for Summary Judgment

In Alabama, "the principals of law applicable to a motion for summary judgment are well settled. To grant such a motion, the trial court must determine that the evidence does not create a genuine issue of material fact and that the movant is entitled to judgment as a matter of law," *Kimbrell v. Froctas, Inc.*, 2002 WL 31041847 (Ala.Civ.App). The Alabama Supreme Court has stated that, "when a movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to produce substantial evidence creating such an issue." *Bass v. Southtrust Bank of Baldwin County*, 538 So.2d 794, 787-798 (Ala. 1998). Substantial evidence is considered to be "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." *West v. Founders Life Assurance Co. of Florida*, 547 So.2d 870, 971 (Ala. 1989). In reviewing a motion for summary judgment, the Court must "review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant." *Kimbrell v. Focras, Inc.*, 2002 WL 31041847 (Ala.Civ.App.).

Where there are questions as to whether the alleged conduct complained of exits, a summary judgment is not appropriate. As per the applicable legal standard for summary judgment, the Plaintiff has presented substantial evidence that a fair-minded person would infer the existence of the fact sought to be proved. Because of the applicable law, pleadings, depositions and affidavits attached hereto the Defendants have not met the standard of review such that summary judgment is proper.

### B. Plaintiff requests that this action be stayed in lieu of dismissal

In the case before this Honorable Court, Plaintiff filed her complaint on September 19, 2005. Plaintiff appealed her EEOC decision on July 15, 2005. Clearly, this Complaint was filed before the expiration of 180 days of the filing of the appeal.

The Plaintiff concedes that this Court may dismiss this cause without prejudice. In a case in the Middle District of Alabama where the facts were similar, "the court granted the Secretary's motion for summary judgment and dismissed the employee's without prejudice." *Matthews v. Brownlee*, 347 F. Supp. 2d 1663.

However, the Plaintiff represents that as early as January 11, 2006; she will have the right to refile said complaint. Therefore, in lieu of dismissing said complaint without prejudice, the Plaintiff prays that this court will stay this action until January 11, 2006, when it will become ripe.

**CONCLUSION**

Based on the facts, caselaw and evidence the Plaintiff requests that this Court denies the Defendants' Motion for Summary Judgment and in the alternative stay this action until January 11, 2006.

**WHEREFORE PREMISIES** considered, Plaintiff requests that this Honorable Court deny Defendants' request for summary judgment.

Respectfully submitted this the 30th day of December 2005.

_____
JURALDINE BATTLE-HODGE (BAT033
Attorney for Plaintiff

LAW OFFICES OF JURALDINE BATTLE-HODGE
207 Montgomery Street, Suite 215
Montgomery, Alabama 36104
Telephone: (334) 262-1177, 263-5575
Facsimile: (334) 263-5569

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of December 2005, the foregoing document was served upon the following counsels of record by placing a copy of the same in the U.S. Mail, First Class postage prepaid, addressed as follows:

LEURA G. CANARY
United States Attorney
JAMES J. DUBOIS
Assistant United States Attorney
United States Attorney's Office
Post Office Box 197
Montgomery, AL 36101-0197

_____
Of Counsel